## THE MASCOT.[1]

### ROSE BRICK Co. *v.* THE MASCOT.

*(District Court, S. D. New York.* December 30, 1891.)

TOWAGE—OBSTRUCTION—GENERAL KNOWLEDGE OF—DEPARTURE FROM CUSTOMARY COURSE.

A tug, on taking a tow up a canal, ran the tow upon a rock which the tug claimed was an unknown obstruction, but it was shown that there was general knowledge of some obstructions there, and a customary and well-known course to go on one side of the canal, which the tug on this occasion departed from without cause. *Held*, that the tug was liable for the injury to the tow for departing from the customary course.

In Admiralty. Suit to recover damages for negligent towage. Decree for libelant.

*Wilcox, Adams & Green,* for libelant.

*Carpenter & Mosher,* for claimant.

[1]Reported by Edward G. Benedict, Esq., of the New York bar.

: BROWN, J.   About noon on the 11th of April, 1891, the libelant's barge Roseton, loaded with brick, in tow of the steam-tug Mascot, on a hawser, while going up the artificial canal which runs to the south-ward and eastward from Newtown creek, was run upon a sunken rock a little to the eastward of Stag street, and from 55 to 65 feet off from the southerly side of the canal.   Subsequent examination showed that this rock was a sharp peak, rising up about 15 inches above the level of a flat rock, about 9 feet long by 8 feet wide, which was situated a few inches only below the muddy bottom of the canal.   Another rock near by, but probably somewhat further off from the southerly shore, had been well known to navigators, and was removed in December previous.   The claimant contends that the rock removed was the only rock known, and that the tug is not liable, because the rock on which the Mascot struck was previously wholly unknown.   If I were satisfied that the tug had pursued the usual course in going up the canal, I should hold her not liable.   The clear weight of evidence, however, is that all boatmen knew that it was necessary to keep upon the southerly side of the channel-way, and that when, as in this case, a schooner was moored at the bulk-head off Stag street, the usual course was to go as near to the schooner as possible.   Had the Mascot pursued this usual course, the evidence leaves no doubt that the Roseton would not have been harmed.   Schooners were very frequently moored there, and the Roseton, and other barges drawing quite as much water, had been fre-quently taken past such schooners without injury.   On this trip, more-over, the tide was at high water, so that everything was most favor-able.   These facts, with the evidence as regards the position of the rock, satisfy me that the Roseton struck the rock because the tug did not pursue the customary course, and go near the schooner that was lying there, but went at least 10 feet off from the schooner, instead of only 3 feet, as the tug's witnesses contend.   The customary practice was binding upon the Mascot.   No reason for departing from it is suggested. In case of accident from obstructions while departing from the cus-tomary course, it certainly is not incumbent upon the libelant to show that the tug or other boatmen had positive knowledge of the precise reasons for the custom, or of the exact location of each particular rock or obstruction, whatever it might be.   It is enough in this case that the necessity of going very near to any schooner that might be moored at the bulk-head was known; and the invariable custom of passing so near, viz., within two or three feet, or even grazing the schooner, as the witnesses testify, is sufficient evidence of the necessity, and of some obstructions that required such navigation.   The defendants, in effect, confirm this by their testimony that they did go within three feet of the schooner, though I find them mistaken on this point.   The general knowledge that a certain course was the proper course to take in conse-quence of some obstructions, and that it was the custom uniformly to adhere to that course, is sufficient to put upon the tug the risk of de-parting from it without reason.   *The Mary N. Hogan,* 35 Fed. Rep. 554.

Decree for the libelant, with costs.