### THE S. W. MORRIS.[1]

### PETRIE v. THE S. W. MORRIS.

### NEWARK CHEMICAL WORKS v. SAME.

(District Court, S. D. New York.  December 16, 1893.)

TOWAGE—STRANDING—OUT OF CHANNEL.
    For getting upon rocks outside of the channel way at low tide without excuse, a tugboat is liable to her tow.

In Admiralty.  Libels to recover damage to a tow and her cargo. Decree for libelants.

Goodrich, Deady & Goodrich, for Chemical Works.
Stewart & Macklin, for Petrie.
Hyland & Zabriskie, for claimants.

BROWN, District Judge.  About noon on the 9th of August, 1893, the steam tug S. W. Morris, in towing the canal boat J. B. Devine alongside through the Kills towards Newark bay, ran upon a rock, or rocks, at low water, from 150 to 200 feet south of Bergen Point light, to the damage of the tow and cargo, for which the above libels were filed.

The evidence leaves no doubt that the shore off the Bergen Point light was known to be rocky and unsafe for loaded canal boats at low tide.  The place of stranding was north of the proper channel course, which was at least 300 feet from the lighthouse.  In the channel there was plenty of water, and plenty of space for navigation.  Navigation out of the channel is at the risk of the tug, and not of the tow, which is without fault.  It is not necessary that the pilot should have knowledge of the particular rock on which he strikes.  His business is to keep the usual course, according to the time of tide, when he is navigating.  For getting upon rocks out of the channel way without excuse, the tug is answerable.  The Mascot, 48 Fed. 917, affirmed 6 C. C. A. 465, 57 Fed. 512; The Robert H. Burnett, 30 Fed. 214; The Ellen McGovern, 27 Fed. 868; The Ceres, 53 Fed. 667.

Decree for libelants.

[1] Reported by E. G. Benedict, Esq., of the New York bar.